Gregory K. Logan
7 Snowberry Court
Sicklerville, NJ  08081
Tel. (856) 676-6420
PRO SE

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

2013 OCT 22  PM 4:50

JAMES J. WALDRON

BY:_____
DEPUTY CLERK

| | |
|---|---|
| Gregory K. Logan<br><br>Plaintiffs<br><br>vs.<br><br>Goldman Sachs Mortgage Company<br>AMS Servicing, Inc<br>Caneel Group, LLC<br><br>Defendants | UNITED STATES BANKRUPTCY COURT<br><br>District of New Jersey<br><br>Docket No. 13-19877<br><br>**Complaint** |

Plaintiff, Gregory K. Logan, residing at 7 Snowberry Court, Sicklerville, NJ  08081, County of Camden, complaining of defendant, states as follows:

1. At some point between May 7, 2013 and May 28, 2013, Goldman Sachs Mortgage Company; AMS Servicing, Inc; and The Caneel Group, LLC (Defendants) willfully violated my bankruptcy stay and authorized a foreclosure preservation company to remove valuable contents from 1554 S. Bailey Street, Philadelphia, PA  19146, a property owned by me, and also change the locks on the doors.

Here are basic facts in this matter:

   a. I filed Chapter 13 bankruptcy on May 6, 2013 and followed all the necessary procedures including serving the Defendant (Goldman Sachs Mortgage Company)..

   b. There was a Sheriff Sale on May 7, 2013 where Goldman Sachs Mortgage Company was allowed to purchase the property; however, I later received a letter dated May 9, 2013 from Stern & Eisenberg PC, the attorney for Goldman Sachs Mortgage Company stating that the sale was invalid.

   c. AMS Servicing, Inc (Servicer for Goldman Sachs Mortgage Company) was given orders by the bank to seize the property. AMS Servicing then hired a foreclosure preservation contractor to change the locks on all the doors and clean out the contents of the property. I visited the property on May 29, 2013 and learned that this adverse action had been taken. This action violated the automatic stay, as they seized possession of the property at 1554 S. Bailey Street and Goldman Sachs Mortgage

    Company authorized this action despite their knowledge that a bankruptcy petition had been filed by me.

d. I suffered significant damages and lost the entire contents of my building and business location had been disposed and over $15,000 worth of computers, office equipment, personal clothing and household goods, and building materials were removed. All of the copper piping was also removed from the walls. Finally, some very important business records and important personal records and even my Social Security card were disposed of.

e. I was in communication with Mr. Phillip of Kattell of AMS Serving and he was working on some type of settlement offer to compensate me for my loss; however from the beginning of August 2013 until the end of September 2013, there was no response by Mr. Kattell or any representative of AMS Servicing to my numerous telephone calls and email messages. In the first two weeks of October 2013, there has been some communications, but still no firm or reasonable commitment on the part of AMS Servicing to resolve the matter.

The business locations of the Defendants are as follows:

Goldman Sachs Mortgage Company
Executive Office
85 Broad Street, 17th Floor, New York, NY 10004
Ofc: ((212)-357-6641
Fax: (212)-902-3000
www.goldmansachs.com

AMS Servicing, LLC (servicer for Goldman Sachs Bank)
Phillip Kettell  (or Authorized Representative)
3374 Walden Ave, Depew, NY 14043
Ofc: (716) 204-3608
Fax: (516)-832-6411
PKettell@ams-servicing.com

Caneel Group, LLC (real estate agent for Goldman Sachs Bank)
Ashley Young  (or Authorized Representative)
59 N Lakeview Dr, Building # 2 - Top Floor, Gibbsboro, NJ 08026
Ofc: (856) 504-6953, Ext. 2006
ayoung@caneelgroup.com

f. My research into this matter has revealed the following:

    Section 362(h) was added to the Bankruptcy Code to provide an <u>enforcement mechanism to protect a debtor from creditors who "willfully" violate the automatic stay.</u> E.g., In re Solis, 137 B.R. 121, 129 (Bankr. S.D. N.Y. 1992). Subsection (h) provides that:

Case 13-02038-GMB    Doc 1    Filed 10/22/13    Entered 10/24/13 09:08:14    Desc Main
Document    Page 3 of 3

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages.

Therefore, I am respectfully requesting a judgment in amount of $38,500 based on following:

| | |
|---|---|
| Computers, office furniture and office equipment | $5,500 |
| Personal clothing and household goods | $4,000 |
| Building materials stored in basement | $6,000 |
| Loss of Rental Income | $3,500 |
| Damaged Copper Piping Loss | $6,000 |
| Legal fees | $3,500 |
| Punitive damages | $10,000 |
| | **$38,500** |

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: 10/21/2013          Signature: _____
                                      Gregory K. Logan
                                      Plaintiff PRO-SE

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: 10/21/2013          Signature: _____
                                      Gregory K. Logan
                                      Plaintiff PRO-SE